**STATE, Plaintiff, v. GRAHAM, et, Defendants.**

Common Pleas Court, Summit County.

No. 169159. Decided May 12, 1949.

Joseph Ford, Asst. Atty. Genl., Columbus, for state.
Paul Laybourne, Akron, for defendants.

282

## OPINION

By WATTERS, J.

The three defendants, all appearing to be persons of good repute, and substantial citizens of the county, went out into the country with four coon dogs for the purpose of exercising and training said dogs, one of which was a pup. Needless to say, the men were out also for the sport and enjoyment that naturally follows such adventures.

It is admitted that the night and next morning in question was closed season as far as racoon hunting is concerned.

During the evening they had treed several coon, and in each instance placed the dogs on leash and went their way looking for new trails.

In the case now before us, when the game wardens stepped in, the dogs had treed a coon in what I gather was a more or less bush-like tree not very high from the ground.

The game wardens claim they heard a rustling sound which in their opinion indicated a shaking of the tree by the men, but the latter deny it.

Their version is that the coon was treed, and they thereupon secured the dogs except the pup, and started to leave the scene; that as the older dogs were being led away from the scene, the pup remained around the bottom of the tree, and that the coon apparently came down to the ground and the pup and coon got to fighting; that in the noise and excitement that ensued, the older dogs, or a couple of them, sensing the situation, broke loose from the men leading them, and went to the fray and proceeded to get in on the fight. Finally the affray broke up and the coon, as the agents claim, limped away to freedom.

The charge in each case is that the defendant, **"did unlawfully take a certain fur bearing animal in closed season, to-wit a racoon."** The date charged is October 29, 1948.

Various witnesses, who were members of various coon hunting societies and coon dog trainers, testified in the nature of experts in substance: that the universal custom is to run and train coon dogs on a live trail in and out of season; that it has always been considered permissible to do so, so long as there is no intent to injure or kill the racoon. They claim such is the custom in this state and others. They also claim

it bad ethics and unsportsmanlike to shake or shoot or otherwise force the racoon, when treed, from the tree, in closed season, although this is proper during open season.

The agents or game wardens on the other hand say that they are are under instructions to enforce the law to the letter, and that no pursuing, running, etc. of the racoon is permissible out of season for the purpose of training coon dogs, and so forth. They also contend that the defendants did have the intent to injure or kill the animal in question.

### THE LAW

Opinion Attorney General of Ohio in the year 1932, Volume 1, Opinion No. 4200. Honorable Gilbert Bettman.

"Syllabus (1) The restrictions provided in §1398 GC, with respect to when a fox may be 'taken or possessed,' are restrictions as to when a fox may be killed."

(2) "Fox may be pursued with dogs at any time providing there is no intent to kill or injure such animals and further providing that such animals are not in fact injured or killed."

On page 454, the Attorney General said:

"In the last analysis, the purpose of the fish and game laws is to conserve the wild life of the state. The practice of pursuing fox with dogs when the fox are not killed or injured and there is no intent to kill or injure such animal * * * is not detrimental to the conservation of the wild life of Ohio * * *."

See also Volume 2, Opinion Attorney General 1933, page 896, Opinion No. 959, to the same effect.

Also in the criminal case of **State v. Mohler, et al,** decided on November 16, 1932, in **44 Oh Ap,** 52, in which case Attorney General Bettman represented the State, the Court of Appeals for Perry County had the following to say on page 58:

**"Now it may be understood that we fully recognize the right of one to train his dog in the field out of season, but it must be done in such a way that the game will not be injured or brought to a gun for slaughter."** (Emphasis by this writer.)

Out of this ruling and that of the Attorney General cited above, and the custom of years, has grown the belief and understanding of dog trainers, hunters, that they may run their dogs in the field out of season where there is no intention of injuring the game pursued.

If there is to be a change of policy or a different interpretation of the law to be placed on such a situation, the Department of Conservation of Ohio should so provide by regulations adopted throughout the State.

In the court's opinion, these men had no intention to injure the coon in question in any way. They were, in the court's opinion, simply running the dogs for training purposes and for the sport of it, which I hold, under the present status of the law and its interpretation, is permissible. Perhaps they were a little careless under the circumstances, and with greater diligence could have avoided any contact with the coon and the dogs.

However the court cannot find beyond a reasonable doubt that the defendants or any of them are guilty of the criminal offense charged.

The mere claim by the agents that the coon was shaken from the tree, unsupported by any evidence except that it sounded like the tree was shaken, is insufficient.

I do find that the officers making the arrest had reasonable grounds to bring the matter to court for determination.

I am sending a copy of this decision to the Commissioner of Conservation so that he may be advised of the situation.

Defendants are found not guilty, and dismissed.